Longworth, J.
Without doubt it was the duty of the judge at the trial, when he had undertaken to repeat his charge to the jury, to omit no material part of it, and it was defendant’s right to insist that the special charge, which he claimed to be in his favor, should, if correct, be read to the jury, together with the general charge ; but whether or not this refusal was prejudicial to defendant in such manner as to warrant a new trial we are relieved from the necessity of considering, being, as we are, unanimously of opinion that the special charge was not law.
There was evidence before the jury tending to show that when the notes sued on were transferred to plaintiffs to be credited upon their claim, they parted with valuable securities in consideration of the transfer. If this were true, defendant was not at liberty to rescind the contract, since he was not able to place his indorsees in statu quo. Under such a state of facts his right, and only right, was to insist that the amount of the notes should be credited upon his indebtedness. If the indorsement was made simply as security for an antecedent debt, the rule in Boxborough v. Messick, 6 Ohio St. 448, would apply, but the evidence not being before us, we are in the dark as to *101 the true state of the facts. By this special charge the jury were instructed, that the plaintiffs were not the holders for value if they had broken their contract by refusing to credit the amount of the notes upon their claim. The error made by the court was in giving this instruction in the first instance, and this was prejudicial to the plaintiff alone. There was no error in refusing to repeat it..

Judgment affirmed.